2023 IL App (1st) 220745-U

SECOND DIVISION
January 31, 2023

No. 1-22-0745

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HOWARD DENHAM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2020 L 10893 |
| | ) | |
| THOMAS J. DART, in his official capacity as Sheriff | ) | |
| of Cook County, and COOK COUNTY, ILLINOIS, | ) | Honorable |
| | ) | Thomas More Donnelley, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Ellis concurred in the judgment.

ORDER

¶ 1   *Held*:   We affirm in part and reverse in part the judgment of the circuit court of Cook County granting defendants' motion to dismiss plaintiff's complaint for violations of the Illinois Whistleblower Act; the Administrative Review Law and pending administrative proceedings require plaintiff to exhaust his administrative remedies as to specific claims consigned to administrative review but plaintiff's complaint for other claims raised under the Illinois Whistleblower Act are within the circuit court's subject matter jurisdiction despite the existence of administrative proceedings.

¶ 2   Plaintiff, Howard Denham, filed a complaint against defendants, Thomas J. Dart in his official capacity as Sheriff of Cook County and Cook County, Illinois for violations of the Illinois Whistleblower Act (IWA) (740 ILCS 174/1 *et seq.* (West 2020)) based on defendant Dart's suspension of plaintiff without pay and efforts to terminate plaintiff allegedly because of

emails plaintiff sent "to local government authorities and investigative news outlets requesting, *inter alia*, that an investigation be conducted into Sheriff Dart being involved in a potential domestic battery *** and discussing information circulating in person and on the internet about such an incident," in violation of Section 15 (count II) and section 20.1 (count III) of the IWA.[1] Defendants moved to dismiss plaintiff's complaint on the ground the circuit court of Cook County lacked subject matter jurisdiction over plaintiff's claims owing to the Cook County Sheriff's Office Merit Board's "original subject matter jurisdiction over the pending disciplinary dispute between the Sheriff and Plaintiff." Following a hearing, the circuit court of Cook County granted defendants' motion to dismiss based on lack of subject matter jurisdiction. The court held that the complaint was filed prematurely because plaintiff "only seeks relief from the disciplinary actions against him" which "the Merit Board has exclusive authority over," and plaintiff filed the complaint before he exhausted his remedies before the Merit Board.

¶ 3    For the following reasons, we affirm in part and reverse in part, and remand for further proceedings.

¶ 4                                  BACKGROUND

¶ 5    Inasmuch as this appeal is from an order dismissing a complaint the following facts are taken from plaintiff's well-pled allegations.[2] On October 13, 2020, at the time of filing the

---

[1]    Plaintiff's complaint also sought administrative review of his claim to the Illinois Department of Employment Security for which he was denied unemployment benefits, but that claim is not a part of this appeal.

[2]    "In ruling on a section 2-619 motion to dismiss, a court must interpret the pleadings and supporting materials in the light most favorable to the nonmoving party. [Citation.] '[A] court must accept as true all well-pled facts in the plaintiff's complaint and any reasonable inferences that arise from those facts.' [Citation.]" *Omega Demolition Corp. v. Illinois State Toll Highway Authority*, 2022 IL App (1st) 210158, ¶ 39.

complaint, plaintiff remained employed as a Cook County Correctional Officer but on or about December 8, 2019, defendant Cook County Sheriff Dart suspended plaintiff without pay and placed him on administrative leave pending a termination hearing before the Cook County Sheriff's Merit Board (Merit Board or Board). The reason for the suspension and termination proceeding was that plaintiff allegedly sent emails to local government authorities and news agencies accusing Dart of being involved in a domestic battery, "discussing information circulating" in public about "such and incident," and requesting an investigation. However, plaintiff claimed plaintiff had reasonable cause, based on certain facts, to believe that Dart had engaged in a domestic battery at his home; that a "cover-up of the allegations was occurring;" and that the occurrence and "cover-up" constituted "violations of federal, state, and/or local laws." Plaintiff sent the emails to "law enforcement agencies, investigative agencies, and media *** external to the Sheriff's Office," and representatives of the Cook County Sheriff's Office which is also a law enforcement agency. Plaintiff alleges that plaintiff was "disclosing or attempting to disclose public corruption or wrongdoing when he sent [the] email[s]." Plaintiff's complaint alleges that in "direct retaliation for Plaintiff's protected reporting, Dart suspended Plaintiff without pay and sent him to the Merit Board for termination."

¶ 6     Plaintiff's complaint sought the following specific relief, which is pivotal to the disposition of this appeal:

> "(1) rescind Plaintiff's suspension without pay and reinstate him to his prior position with the same seniority status with full back pay, benefits, pension service credits and contributions, and other make whole relief with pre-judgment interest;

(2) pay damages to Plaintiff for actual, general, special, compensatory damages, including emotional distress and reputational damage;

(3) pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's [*sic*] fees;

(4) order Defendants to cease and desist from terminating and retaliating against the Plaintiff in contravention of his state law whistle-blowing rights; and

(5) order such other relief as this Court deems just and proper."

¶ 7 On November 30, 2021, defendants filed a motion to dismiss plaintiff's complaint based on "want of subject matter jurisdiction and in deference to the original jurisdiction of *** [the] case pending *** before the [Merit Board.]" Defendants' motion asserted that the Merit Board is "an administrative agency with exclusive jurisdiction to try and [to] resolve disciplinary disputes between the Sheriff and correctional officers," and that "circuit courts lack original jurisdiction over disputes assigned in the first instance to an agency." Defendants argued the Administrative Review Law is strictly construed to bar claims in the circuit court "seeking to attack or interfere with administrative agency action" and plaintiff's complaint "runs afoul of the settled statutory regime assigning original jurisdiction *** to the Merit Board" because the complaint "attacks a disciplinary complaint the Sheriff filed against [plaintiff] in the Merit Board."

¶ 8 According to defendants, plaintiff is in effect asking the circuit court to "decide the merits of the disciplinary charges against him." Instead, defendants argued, plaintiff "must complete his case at the Merit Board and exhaust all his remedies in the agency before filing suit against the Sheriff in circuit court." (As this disposition will later demonstrate, ironically, defendants argue plaintiff "cannot tack on causes of action under the [IWA] to his

- 4 -

[Administrative Review Law] claim" because "a cause of action in the circuit court after exhausting all administrative remedies is limited to bringing a one-count cause of action under § 3-102 of the [Administrative Review Law,] *which bars other statutory or common law claims and limits circuit court review to determining whether the agency was arbitrary, unreasonable or acted against the manifest weight of the evidence.*" Thus plaintiff "cannot proceed with his claims under the [IWA,] which sound outside the [Administrative Review Law] and are precluded by § 3-102 [thereof.]" (Emphasis added.)) Defendants asked the circuit court to dismiss plaintiff's complaint for want of subject matter jurisdiction and require plaintiff to exhaust his administrative remedies.

¶ 9    On May 11, 2022, following a hearing, the circuit court of Cook County entered a written judgment granting defendants' motion to dismiss. The court first noted that it "may review a final decision entered by an administrative agency only if allowed by statute" and a party "aggrieved by an administrative decision generally may not seek judicial review without first pursuing all available administrative remedies." The court also acknowledged that although the Administrative Review Law "provides the exclusive remedy for cases of retaliatory action involving discharge, demotion, or suspension," there are exceptions for when "the agency cannot provide an adequate remedy *** or for claims of civil rights violations." The trial court characterized plaintiff as seeking "relief from disciplinary actions" imposed before those actions are "heard before the Merit Board," noting plaintiff's requests, and only plaintiff's requests, "to rescind his suspension and reinstate him to his prior position." The court wrote: "He [*sic*] does not *** claim a violation of his [*sic*] civil rights. He [*sic*] only seeks relief from the disciplinary actions against him."

¶ 10    The trial court's judgment concludes that the Sheriff suspended plaintiff pursuant to Merit Board rules and that the pending hearing before the Merit Board "concerns disciplinary actions, which the Merit Board has exclusive authority over." At the same time, the court concluded that plaintiff "fails to properly perfect an appeal for judicial review" by bringing his claim before receiving a decision by the Merit Board. Therefore, trial court concluded, it did not have jurisdiction and granted defendants' motion to dismiss the complaint.

¶ 11    This appeal followed.

¶ 12                                    ANALYSIS

¶ 13    Section 2-619(a)(1) permits a defendant to file a motion for dismissal of the action on the ground that the court does not have jurisdiction of the subject matter of the action. 735 ILCS 5/2-619(a)(1) (West 2020). We review a judgment granting a motion to dismiss under section 2-619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2020)) *de novo*. *Omega Demolition Corp. v. Illinois State Toll Highway Authority*, 2022 IL App (1st) 210158, ¶ 38 ("On an appeal from a section 2-619 dismissal, our standard of review is also *de novo*.") "*De novo* review means that we perform the same analysis a trial court would perform." *Id.* "Under the *de novo* standard of review, this court owes no deference to the trial court. [Citation.]" *Id.* "Whether a circuit court has subject matter jurisdiction to entertain a claim is a question of law that we review *de novo*." *Kristen B. v. Department of Children & Family Services*, 2022 IL App (1st) 200754, ¶ 31.

¶ 14    The claim as to which we must determine whether the trial court has subject matter jurisdiction to entertain are plaintiff's claims under the IWA. To aid in this determination this court's decision in *Goral v. Dart*, 2019 IL App (1st) 181646, in instructive. The facts in *Goral* are similar but not identical to the facts in this case. In *Goral*, the plaintiff's had termination

proceedings pending before the Merit Board and "filed a separate lawsuit *** challenging the Board's authority to adjudicate their cases." *Goral*, 2019 IL App (1st) 181646, ¶¶ 1, 7. The plaintiff's challenge to the Board's authority was based on noncompliance with State law governing the composition of the Board. See *id.* ¶¶ 8, 15, 19-20. The complaint sought declaratory, injunctive, and monetary relief against the Sheriff. *Id.* ¶ 15. The pertinent issue this court decided was whether the plaintiffs were required to exhaust their administrative remedies—*i.e.*, to complete the proceedings before the Merit Board—before raising their claims challenging the composition of the Board. *Id.* ¶¶ 22, 26. In support of the decision in *Goral* this court wrote as follows:

"The court's subject-matter jurisdiction refers to its power to hear and resolve cases. [Citation.] Generally, the constitution gives the court original subject-matter jurisdiction over all 'justiciable matters.' Ill. Const. 1970, art. VI, § 9. One exception, however, is the review of administrative actions, which is governed by statute. [Citations.]

The Administrative Review Law governs judicial review of most final administrative decisions, including final decisions of the Board here. See 735 ILCS 5/3-101 *et seq.* (West 2016). More to the point, the Administrative Review Law is 'the sole and exclusive method to obtain judicial review of a final administrative decision' by the Board. [Citation.]

Thus, generally speaking, a party aggrieved by agency action cannot involve the courts until the administrative process has run its course—that is, until the plaintiff has exhausted all administrative remedies. [Citation.] But the exhaustion requirement is subject to six exceptions. [Citation.] Two are relevant

here. First, a party need not exhaust when 'the agency's jurisdiction is attacked because it is not authorized by statute.' [Citation.] Second, exhaustion is excused when 'the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency.' [Citation.]" *Goral*, 2019 IL App (1st) 181646, ¶¶ 28-30.

The *Goral* court applied the narrower "attack on agency jurisdiction" exception to the exhaustion requirement, which plaintiff has not pursued in this case. See *Goral*, 2019 IL App (1st) 181646, ¶ 39 (holding the *Goral* plaintiffs' claims "clearly fit within the authority exception to the exhaustion requirement").

¶ 15     "Agency jurisdiction" refers to an agency's statutory authority to act. *Id*. ¶ 32. Thus, "agency jurisdiction often involves a question of whether and to what extent an agency is substantively empowered to act." *Id*. ¶ 33. The key to our disposition in this case is the Merit Board's statutory empowerment. In this case, plaintiff's complaint sought remedies directly related to his employment status with the Cook County Sheriff's Office (see *supra*, ¶ 6, elements (1) and (4)) and also the following remedies:

"(2) pay damages to Plaintiff for actual, general, special, compensatory damages, including emotional distress and reputational damage;

(3) pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's [*sic*] fees."

¶ 16     The Merit Board is not authorized to award plaintiff the damages plaintiff seeks, nor is an award of such damages implied or necessary to achieve the express objectives provided by the statute.

"An administrative agency's powers are limited to those granted by the legislature, and any action taken by the agency must be authorized specifically by statute. [Citations.] Where it acts outside that authority, the agency acts without jurisdiction, and '[i]ts actions are void, a nullity from their inception.' [Citation.] 'Because agency action for which there is no statutory authority is void, it is subject to attack at any time in any court, either directly or collaterally.' [Citations.]" *Potek v. City of Chicago*, 2022 IL App (1st) 211286, ¶ 36.

Additionally, "[a]ny power or authority of an agency must come from the statutory provisions under which the agency was created or 'by fair implication and intendment from those express provisions, as an incident to achieving the objectives for which the agency was created.' [Citation.]" *Mohorn-Mintah v. Board of Education of City of Chicago*, 2019 IL App (1st) 182011, ¶ 19.

¶ 17    The Cook County Sheriff's Merit Board Act (Act) (55 ILCS 5/3-7001 *et seq*. (West 2020)) provides, in pertinent part, as follows:

"Except as is otherwise provided in this Division, no deputy sheriff in the County Police Department, no full-time deputy sheriff not employed as a county police officer or county corrections officer and no employee in the County Department of Corrections shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof.

* * *

> If the charges against an accused deputy sheriff are established by a preponderance of evidence, the Board shall make a finding of guilty and order either removal, demotion, suspension for a period of not more than 180 days, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Board which, in the opinion of the members thereof, the offense merits.
>
> * * *
>
> The provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of any order of the Board rendered pursuant to the provisions of this Section." 55 ILCS 5/3-7012 (West 2020).

The Administrative Review Law prohibits any "new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency." 735 ILCS 5/3-110 (West 2020).

¶ 18    The Act does not provide for a remedy in the event a charge against an accused is *not* established by a preponderance of the evidence. See 55 ILCS 5/3-7012 (West 2020). Nothing in the Act provides a party before the Merit Board the right to seek damages for emotional distress, reputational damage, litigation costs, expert witness fees, or attorney fees. See *id.*; *supra*, ¶ 16. (Defendants briefly maintain plaintiff could receive back pay should he prevail before the Merit Board, but we need not render an opinion on that question for purposes of this appeal.) Consequently, the Administrative Review Law also does not permit an accused to present evidence of their actual damages. Thus, read together, under the statutory scheme in place there

is no provision for an award of the type of damages plaintiff seeks in the IWA claim. Conversely, the IWA expressly provides as follows:

> "If an employer takes any action against an employee in violation of Section 15 or 20, the employee may bring a civil action against the employer for all relief necessary to make the employee whole, including but not limited to the following, as appropriate:
>
> (1) reinstatement with the same seniority status that the employee would have had, but for the violation;
>
> (2) back pay, with interest; and
>
> (3) compensation for *any damages* sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's [*sic*] fees." (Emphasis added.) 740 ILCS 174/30 (West 2020).

¶ 19 We find that plaintiff's complaint under the IWA seeks damages that are beyond the statutory authority of the Merit Board to award. Next, we must determine the consequence of this finding. Instructive in this case, the *Goral* court noted that "[a]gencies have no inherent or common-law authority; their power is limited to that given them by the legislative body that created them. [Citation.] So if an agency acts beyond its statutory authority—if it acts without 'jurisdiction'—its actions are invalid and void." *Id.* ¶ 32. The *Goral* court noted several examples of this court invalidating actions taken by an administrative agency that were beyond their statutory authority to act. See *id.* ¶ 33 (and cases cited therein). This court also offered an explanation as to why a party is not required to "exhaust administrative remedies"—*i.e.*, to await the conclusion of administrative proceedings—before pursuing a claim that is outside of an agency's statutory authority. The *Goral* court found that:

"if the Board lacks the authority to hear the case, the merits of the underlying case are irrelevant, so there is no reason why a court should wait for a developed underlying record to decide that legal question." *Goral*, 2019 IL App (1st) 181646, ¶ 40.

¶ 20    The *Goral* court decided the issues before it based on whether or not the plaintiffs' claims directly challenged the Board's statutory authority to act. See *Goral*, 2019 IL App (1st) 181646, ¶¶ 51, 57; *cf. id.* ¶ 70. We do not have such claims here. Rather, the issue before this court is whether a claim that does not (at least directly) challenge the Board's statutory authority to adjudicate it but which instead seeks relief outside its statutory authority is subject to the exhaustion requirement. This is a slightly different, but nonetheless closely related, question.

¶ 21    We find that implicit in the *Goral* court's holdings is a concurrent finding that claims beyond an agency's statutory authority to act are not subject to the exhaustion requirement. See *Goral*, 2019 IL App (1st) 181646, ¶ 40 (and cases cited therein) (explaining why underlying record from administrative agency not required before deciding issue the agency generally does not decide). For example, the *Goral* court found "no barrier to the circuit court's review" where the claim at issue did not ask "the Board to do anything" because the plaintiffs thought the Board did not have "the power to do anything" about the claim. *Goral*, 2019 IL App (1st) 181646, ¶ 53. There, the plaintiffs maintained they could proceed with the claim "regardless of whether they win or lost their administrative hearings." *Id*.

¶ 22    In this case, plaintiff is not asking the Merit Board to award plaintiff's "ancillary damages" listed above, and plaintiff might recover those damages under the IWA regardless of whether he wins or loses before the Merit Board. If plaintiff prevails, the Merit Board will not be able to award him the damages plaintiff seeks that are not directly related to his employment

status. See *infra*, ¶ 25. If plaintiff loses, that loss does not necessarily foreclose his IWA claims.

An agency decision invalidating an alleged act of "retaliation" is not a prerequisite to recovery

under the IWA; the IWA only requires "retaliation" and that the employee had "reasonable cause

to believe that the information discloses a violation of a State or federal law, rule, or regulation."

See 740 ILCS 174/15(b) (West 2020) ("(b) An employer may not retaliate against an employee

for disclosing information to a government or law enforcement agency, where the employee has

reasonable cause to believe that the information discloses a violation of a State or federal law,

rule, or regulation"). The Merit Board's decision might, at most, constitute an affirmative

defense[3] that the defendant would have to plead and prove. *Razavi v. School of the Art Institute*

*of Chicago*, 2018 IL App (1st) 171409, ¶ 18, *Parkway Bank and Trust Co. v. Korzen*, 2013 IL

App (1st) 130380, ¶ 24 (discussing defendant's burden on motion to dismiss based on

affirmative defense).

¶ 23    More importantly, those claims cannot be subject to exhaustion before the administrative

agency because even if the Merit Board wanted to award plaintiff all of the damages he seeks,

for the categories of damages not directly tied to his employment status it cannot do so. *Goral*,

2019 IL App (1st) 181646, ¶ 79 ("It would be illogical to require plaintiffs to exhaust their

administrative remedies in that event, because their whole point is that they *can't* exhaust them,

at least not in a fair and meaningful way."). If the Board did award such damages, such award

---

[3]     "The supreme court has explained the nature of an affirmative defense:

'An affirmative defense does not negate the essential elements of the plaintiff's
cause of action. To the contrary, it admits the legal sufficiency of that cause of action.
[Citation.] It assumes that the defendant would otherwise be liable, if the facts alleged are
true, but asserts new matter by which the plaintiff's apparent right to recovery is
defeated.' [Citation.]" *Stivers v. Bean*, 2014 IL App (4th) 130255, ¶ 34.

would be void and subject to attack at any time. See *id*. ¶¶ 32-33 (agency acts beyond statutory authority are void) (citing *Crittenden v. Cook County Comm'n of Human Rights*, 2013 IL 114876, ¶ 34 (affirming judgment reversing award of punitive damages where "the Commission lacked authority to award punitive damages")). On the contrary, plaintiff's claims for damages for emotional distress, reputational damage, litigation costs, expert witness fees, or attorney fees are authorized and recoverable under the IWA.

> "Under the current Illinois Constitution, circuit courts have original jurisdiction over all justiciable matters and the power to review administrative actions as provided by law. [Citations.] A 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests. [Citation.] Except in the area of administrative review, the jurisdiction of the circuit court flows from the constitution and not the legislature. [Citation.] Ultimately, the test for subject matter jurisdiction is found in the nature of the case as made by the complaint and the relief sought. [Citation.]" *Kristen B.*, 2022 IL App (1st) 200754, ¶ 32.

¶ 24    Plaintiff's complaint seeking recission of his suspension, reinstatement, and a cease-and-desist order involve areas in which the Merit Board is expressly empowered to act and are remedies provided by the Act permitting the Merit Board to decide whether a deputy sheriff can be "removed, demoted or suspended." 55 ILCS 5/3-7012 (West 2020). Therefore, those matters lie within the original jurisdiction of the Merit Board and are subject to the exhaustion requirement. *Goral*, 2019 IL App (1st) 181646, ¶¶ 32-33.

¶ 25     There is no dispute in this appeal that at least some of the damages plaintiff seeks are provided for under the IWA and are not available under the statute creating the Merit Board. Those claims provide a justiciable matter that, on their own, fall within the subject matter jurisdiction of the circuit court. Under the IWA plaintiff's complaint makes a case and seeks relief that presents a "justiciable matter." Therefore, plaintiff's claims for damages under the IWA not involving his removal, demotion, or suspension (see 55 ILCS 5/3-1012 (West 2020)) are beyond the statutory authority of the Merit Board and outside of its jurisdiction and thus not subject to the exhaustion requirement. See *Goral*, 2019 IL App (1st) 181646, ¶ 85.

¶ 26     That is not to say, however, that the trial court could not stay proceedings before it to await the decision by the Merit Board. See *id.* ¶ 42. "A circuit court may stay proceedings as part of its inherent authority to control the disposition of cases before it. [Citation.] It may consider factors such as the orderly administration of justice and judicial economy in determining whether to stay proceedings. [Citation.]" *Estate of Bass ex rel. Bass v. Katten*, 375 Ill. App. 3d 62, 68 (2007). However, that question has not been addressed to this court.

¶ 27     Accordingly, the portion of the trial court's judgment granting defendants' motion to dismiss plaintiff's complaint to the extent plaintiff seeks to "rescind Plaintiff's suspension without pay and reinstate him to his prior position with the same seniority status with full back pay, benefits, pension service credits and contributions, and other make whole relief with pre-judgment interest;" and an "order Defendants to cease and desist from terminating and retaliating against the Plaintiff in contravention of his state law whistle-blowing rights;" is affirmed. Conversely,  the trial court's judgment granting defendants' motion to dismiss plaintiff's complaint to the extent plaintiff seeks from defendants damages other than reinstatement with full back pay, benefits, pension service credits and contributions (*i.e.*, "damages to Plaintiff for

actual, general, special, compensatory damages, including emotional distress and reputational damage;" and to "pay compensation for all damages sustained as a result of Defendants' violations, including litigation costs, expert witness fees, and reasonable attorney's [*sic*] fees") is reversed. The cause is remanded for further proceedings consistent with this order.

¶ 28    Plaintiff also argues the trial judge should have recused from this case *sua sponte* because of the judge's alleged friendship with the Sheriff. Plaintiff asks this court to remand the case for proceedings before a different trial judge. We decline to order this case remanded to a different trial judge. "When reviewing a trial judge's recusal decision, we must determine whether the decision was an abuse of the judge's discretion." *Barth v. State Farm Fire & Casualty Co.*, 228 Ill. 2d 163, 175 (2008). The basis for plaintiff's allegation of a friendship between the trial judge and the Sheriff is the fact the two endorsed each other's political campaigns and appeared in an interview together in which they laughed and smiled with each other. We find that under former Rule 63(c)(1)(a) the facts plaintiff presents are insufficient to cause a reasonable person knowing them to recuse the judge or to reasonably give rise to questions regarding the trial judge's impartiality.

¶ 29    Rule 63 of the former Illinois Code of Judicial Conduct directed as follows:

"(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party."

Illinois Code of Judicial Conduct Rule 63(C)(1)(a) (repealed January 1, 2023). "[T]he test stated in Rule 63(C)(1) imposes an objective, reasonable person standard." *Barth*, 228 Ill. 2d at 176. The court has interpreted this rule to require a trial judge

"to recuse himself when his participation might reasonably give rise to questions regarding his impartiality, including situations involving the appearance of impropriety. [Citation.] For instance, our supreme court has recognized that a judge should recuse himself where he has knowledge outside the record concerning the truth or falsity of allegations, where the judge may be called as a material witness, or where the judge has a direct, personal, and substantial pecuniary interest in the litigation. [Citation.]" *People v. Buck*, 361 Ill. App. 3d 923, 931 (2005).

¶ 30 Thus, "our task is to assess whether a reasonable person, aware of the facts and the law, would believe that [the trial judge] was impartial." *Buck*, 361 Ill. App. 3d at 932. Here, plaintiff does not suggest that any of these circumstances outlined by our supreme court are present in this case. See *id*. That is, plaintiff does not allege the trial judge had knowledge about the case outside the record, might be called as a material witness, or has a pecuniary interest in the litigation. Nevertheless, plaintiff accuses the trial judge of a personal interest in the litigation due to an alleged friendship with the Sheriff. We do not believe the facts would cause a reasonable person to believe that such an interest exists.

¶ 31 Plaintiff's suggestion of a close friendship between the trial judge and the Sheriff is highly speculative. Speculation aside, the evidence of the friendship is tenuous at best. Two persons behaving cordially by smiling and laughing during an interview during a political campaign is hardly evidence of a close friendship that would cause a reasonable person to believe one of them has a personal bias or prejudice in favor of the other. Indeed, reasonable persons are well aware that oftentimes during campaigns, bitter enemies must treat each other not only respectfully but sometimes friendly. Regardless, the court has noted that "[i]t is

generally held that a judge need not disqualify himself just because a friend appears before him in court." *Buck*, 361 Ill. App. 3d at 933. Further, "[o]ne court has held that an attorney's support for a judge's nomination to the bench did not require the judge to disqualify himself from a case in which the attorney represented a party before the court." *Id.*

¶ 32    We have carefully considered the evidence presented and, "considering the facts and circumstances, we do not believe that a reasonable person would conclude that [the trial judge] was incapable of ruling fairly in [plaintiff's] case." See *id.* at 934. Therefore, "we cannot say that the trial judge abused his discretion by failing to recuse." See *Barth*, 228 Ill. 2d at 176. We note that our disposition goes only to the question of whether the trial judge should have voluntarily recused. "All judges in Illinois are expected to consider, *sua sponte,* whether recusal is warranted as a matter of ethics under the Judicial Code." *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 45. The *O'Brien* court held that "[t]he Judicial Code *** says nothing that would give the impression that its provisions could be used by a party or his lawyer as a means to force a judge to recuse himself, once the judge does not do so on his own." *Id.* Nothing in this disposition should be construed to prejudice plaintiff's right to file a motion to substitute the trial judge. See *In re Marriage of O'Brien*, 2011 IL 109039, ¶¶ 45-46 ("recusal and substitution for cause are not the same thing" and discussing each).

¶ 33                              CONCLUSION

¶ 34    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part, and remanded.

¶ 35    Affirmed in part, reversed in part, and remanded.